IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MERCEDES D. JENKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 315-016 |
| ) | (Formerly CR 312-004) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at FCI Jesup in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

# I. BACKGROUND

## A. Indictment

On July 11, 2012, a grand jury in the Southern District of Georgia charged Petitioner with conspiracy to deal in firearms without a license, in violation of 18 U.S.C. § 371 (Count 1); unlicensed dealing in firearms, in violation of 18 U.S.C. § 922(a)(1)(A) (Count 2); distribution of cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) (Counts 3-5); and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B) (Count 7). United States v.

Norris, CR 312-004, doc. no. 3 (S.D. Ga. July 11, 2012) ("CR 312-004"). The Court appointed attorney James C. Garner to represent Petitioner. (Id., doc. no. 146.)

### B. Agreement to Plead Guilty

On October 18, 2012, Petitioner pleaded guilty to one count of unlicensed dealing in firearms (Count 2), and one count of distribution of cocaine base (Count 4). (Id., doc. no. 286.) During the change of plea hearing, Judge Dudley H. Bowen Jr. established Petitioner's competence to enter a guilty plea if he desired. (Id. at 8.) Petitioner also testified under oath that he was satisfied with the services rendered by Mr. Garner. (Id. at 10.) Judge Bowen asked Petitioner if he understood the charges, to which Petitioner replied, "Yes, sir." (Id. at 14.)

Next, Judge Bowen asked if Petitioner understood the maximum penalties as announced by the Assistant United States Attorney ("AUSA"). Petitioner confirmed that he understood the possible penalties. (Id. at 16, 37.) Judge Bowen also explained the rights that Petitioner would be waiving by pleading guilty, and Petitioner affirmed that he clearly understood those rights. (Id. at 19.) Among the rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id. at 17-19.) Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty, (id. at 21) nor had anyone promised, predicted, or prophesied that Petitioner would receive a specific sentence. (Id. at 25-26.)

Judge Bowen reviewed the charges and heard the factual basis for Petitioner's guilty plea from Special Agent Ron Rhodes with the Bureau of Alcohol, Tobacco, Firearms and

Explosives. (Id. at 26.) SA Rhodes testified that on January 11, 2012, two confidential informants arranged the purchase of crack cocaine and a firearm from Petitioner in East Dublin, Georgia. (Id. at 30.) The informants purchased two grams of crack cocaine from Petitioner and inquired about firearms for another individual who would be taking the firearms north for resale. (Id.) Petitioner advised the informants that the firearm he could have sold them was locked in a safe to which he did not have access, thus Petitioner did not sell the informants a firearm on this date. (Id.)

On April 20, 2012, Petitioner sold the informants 10.8 grams of crack cocaine, and on April 27, 2012, at a gas station in East Dublin, Georgia, Petitioner sold the informants 40.3 grams of cocaine and a Harrington & Richardson, Model 733, .32 caliber revolver. (Id. at 31, 33.) SA Rhodes testified that the revolver moved in interstate or foreign commerce, thus meeting the requirement that the sale of the gun affected interstate commerce. (See id.) Furthermore, SA Rhodes confirmed that Petitioner did not have a pending application or any license through the ATF to deal in firearms. (Id.) Petitioner affirmed that SA Rhodes' testimony was factually correct as to Petitioner's sale of controlled substances and the revolver. (Id. at 37.)

Petitioner's plea agreement included a limited waiver of appeal and collateral attack rights as follows:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

3

(Id., doc. no. 186, pp. 4-5.) By signing the plea agreement, Petitioner attested that he had read the plea agreement and it accurately set forth the terms and conditions of his agreement with the government. (Id. at 13.) At the change of plea hearing, Judge Bowen reviewed the plea agreement's waiver provision and determined that Petitioner "[had] agreed to waive any right to appeal from the conviction and the sentence." (Id. doc. no. 286, p. 22.)

### C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI"). The PSI grouped Petitioner's two offenses, and set the Combined Adjusted Offense Level at 28. (PSI ¶¶ 23-38.) Included in the computation was a four-level enhancement pursuant to USSG § 2K2.1(b)(5), for the transferring and/or sale of a firearm while having reason to believe the firearms would be transported north to be illegally sold. (Id. ¶ 26.) The offense level of 28 was then reduced three levels for acceptance of responsibility. (Id. at ¶ 42.) Petitioner's criminal history category was IV, resulting in an advisory sentencing guideline imprisonment range of 84 to 105 months. (Id. at ¶¶ 50-52, 75.)

Petitioner objected to the four-level enhancement for the sale of a firearm while having reason to believe that it would be transported north to be illegally sold. (CR 312-004, doc. no. 279, pp. 6-11.) Petitioner presented a recording of the firearm transaction at issue as evidence. (Id. at pp. 4-12.) Upon listening to the recording and the AUSA's response, Judge Bowen found that Petitioner "[had] reason to believe that these firearms would be sent somewhere else and illegally sold . . . ," and applied the four-level enhancement. (Id.) Judge Bowen then determined that the Total Offense Level was 25 after the three-level reduction for acceptance of responsibility, the Criminal History Category was IV, and the sentencing range was 84 to 105 months. (Id. at 14.) After considering mitigation factors, Judge Bowen

sentenced Petitioner to 96 months. (Id. at 30.) Additionally, Judge Bowen ordered Petitioner to pay a $1500 fine and a special assessment of $200. (Id. at 32.) Judge Bowen reminded Petitioner that as a result of the plea agreement, Petitioner had "waived any right to appeal and certainly any right to attack the conviction by way of habeas corpus or otherwise." (Id. at 32.) Judgment was entered on June 21, 2013. (Id., doc. no. 237.)

### D. Subsequent Proceedings

On July 4, 2013, Petitioner filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit. (Id., doc. no. 252.) On April 16, 2014, the Eleventh Circuit granted the government's motion to dismiss the appeal, finding that the "sentence appeal waiver was entered into knowingly and voluntarily." (Id., doc. no. 289.) Petitioner timely filed this 28 U.S.C. § 2255 motion on February 20, 2015. (Id., doc. no. 302.) In his 28 U.S.C. § 2255 motion Petitioner asserts four grounds for relief:

I. Counsel was ineffective for "failing to press the issue of unlicensed dealing in firearms . . . within 18 U.S.C. § 922(a)(1) . . . 'dealing' mean[ing] . . . over a period of time or on more than a few unrelated occasions."

II. Counsel was ineffective for failing to object to the firearm enhancements, leading to a sentence beyond the statutory maximum.

III. The plea agreement was not knowingly entered into because the Petitioner was under the assumption that the plea agreement was the sentence he was going to receive, "and not the sentence that was given by the probation officer's fact[s] in the PSR."

IV. The plea agreement was not knowingly entered into because the District Court did not ensure that Petitioner understood the direct consequences of the guilty plea.

(Id. at pp. 5-6, 8, 9.)

Petitioner claims he did not knowingly and voluntarily enter the plea agreement

5

because his attorney misrepresented the sentence he would receive, leading Petitioner to believe he was guaranteed a sentence between twenty-four and thirty months. (Doc. no. 1, p. 15.) Petitioner claims his attorney was "definitely sure" Petitioner would receive a sentence between twenty-four and thirty months, and Petitioner signed the plea agreement because of counsel's statement. (Id.) Petitioner claims that but for counsel's "faulty and erroneous legal advice," Petitioner would have proceeded to trial. (Id. at 20.) Respondent asserts that Petitioner was not denied effective assistance of counsel, Petitioner's guilty plea was knowing and voluntary, and Petitioner's sentence of 96 months is within the guideline range of 84 to 105 months. (Id., doc. no. 3, pp. 8, 13.) Furthermore, Respondent asserts that the collateral attack waiver bars Petitioner's § 2255 motion. (See generally, id.) Petitioner filed a response on May 26, 2015, and asserted that he is entitled to have his ineffective assistance of counsel claims heard on collateral review.

## II. DISCUSSION

### A. There is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. U.S., 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's

claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

> **B.    Petitioner Is Not Entitled to Relief on His Ground Three Ineffective Assistance Claim.**

Petitioner claims in Ground Three that he received ineffective assistance when deciding whether to enter a guilty plea. (Doc. no. 1, p. 15.) Specifically, Petitioner asserts that counsel misled him into believing he was guaranteed a sentence between twenty-four and thirty months. This assertion, if found to have merit, would cast doubt not only on the validity of the appeal and collateral attack waiver, but also the knowing and voluntary nature of the entirety of the guilty plea.

Indeed, courts have recognized that a defendant cannot waive a claim alleging ineffective assistance during plea negotiations. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004); see also Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."). This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). However, as discussed *infra*, the Court determines that Petitioner's ineffective assistance claim in Ground Three forms no basis for relief.

> **1.    Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.**

7

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Strickland</u>, 466 U.S. at 697; <u>see</u> <u>Brooks v. Comm'r, Ala. Dep't of Corr.</u>, 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of <u>Strickland</u>, a petitioner must show "that there

'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

### 2. Petitioner Has Not Shown Entitlement to Relief Based on the Claim He was Misled About Sentencing Exposure.

Petitioner argues Mr. Garner persuaded him to plead guilty by assuring Petitioner that if he did so, he faced a guaranteed sentencing range between twenty-four to thirty

9

months. (Doc. no. 1, p. 15.) Petitioner claims that but for Mr. Garner's faulty and erroneous legal advice, Petitioner would have proceeded to trial. (Id. at 20.)

The Eleventh Circuit has established that counsel's erroneous estimation of sentencing guidelines does not entitle a petitioner to relief because an erroneous estimate is not necessarily indicative of ineffective assistance. Beckham v. Wainwright, 639 F.2d 262, 265 (5th Cir. 1981). So long as the Rule 11 court correctly advises a defendant of the minimum and maximum penalties he faces as a result of pleading guilty, a petitioner fails to establish prejudice by alleging that counsel gave erroneous advice about the sentence he might receive or the possibility for enhancements under the guidelines. See U.S. v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (*per curiam*) (no prejudice where counsel's deficient advice about possible sentencing implications was "cured" by district court, which explained "the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting [the] guilty plea"); see also U.S. v. Shedrick, 493 F.3d 292, 300 (3d Cir. 2007) (district court correctly denied § 2255 claim that counsel was ineffective for failing to advise petitioner of "the potential for an enhancement or upward departure" where such failure was "corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [the petitioner's] potential sentence"); U.S. v. Herrington, 350 F. App'x 363, 369 (11th Cir. 2009) (*per curiam*) (affirming district court's refusal to allow withdrawal of guilty plea with finding that defendant failed to show plea was not entered knowingly and voluntarily where judge at plea hearing set forth maximum possible penalties and fact that court was not bound by counsel's sentencing estimates).

At the Rule 11 proceedings, prior to accepting Petitioner's guilty plea, Judge Bowen reviewed the possible statutory penalties for the charges to which Petitioner was pleading

10

guilty. (CR 312-004, doc. no. 286, p. 16.) The Court reviewed the maximum penalties for Counts Two and Four, five years and twenty years in prison respectively, and Petitioner affirmed that he understood. (Id. at 16.) Judge Bowen reviewed the rights that Petitioner would be forfeiting by pleading guilty, including the presumption of innocence, the right to confront and cross-examine witnesses, and the right to self-incrimination. (Id. at 17-20.) Petitioner affirmed that he understood. (Id.) When Judge Bowen asked Petitioner if anyone had promised him a specific sentence, Petitioner responded "no, sir." (Id. at 26.)

Thus, it is clear that Petitioner knew prior to entering his guilty plea that he faced a maximum penalty of five years imprisonment for Count Two, and twenty years imprisonment for Count Four, regardless of whether, as he now claims, Mr. Garner told him his sentence would be between "24-30 months." Furthermore, given Petitioner's sworn testimony that he had not been promised a specific sentence and that he understood the possible penalties, he cannot now claim Mr. Garner made incorrect promises about Petitioner's sentence that induced Petitioner to plead guilty. Therefore, Petitioner fails to carry his heavy burden to show prejudice under the second prong of Strickland, and his ineffective assistance of counsel claim in Ground Three does not afford relief.

### C. Petitioner's Guilty Plea was Knowingly and Voluntarily Entered.

Having determined that Petitioner did not receive constitutionally ineffective assistance of counsel, the Court will lastly address any implication derived from the § 2255 motion that Petitioner's guilty plea was otherwise not knowingly and voluntarily entered. In Ground Four, Petitioner claims the District Court did not ensure that the guilty plea was understood and that Petitioner was aware of the direct consequences of the guilty plea. (Doc. no. 1, p. 8.) The record makes clear that this argument is without merit.

11

### 1. Standard for Enforceability of Guilty Pleas.

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. U.S. v. Broce, 488 U.S. 563, 569 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows: "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights. A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense." U.S. v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. Thus, a defendant must receive "real notice of the true nature of the charged crime." Id.

The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." U.S. v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show

12

a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea." Id. at 1020 (quoting U.S. v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

### 2. Judge Bowen's Colloquy with Petitioner Satisfied the Three Core Principles Required for Acceptance of a Guilty Plea.

Judge Bowen informed Petitioner in clear terms of the charges to which he was pleading guilty, as well as the penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified that he understood the charges and penalties. (CR 312-004, doc. no. 286, p. 16.) Petitioner also admitted to the facts presented by the government as the factual basis for the pleas and told Judge Bowen that he wanted to plead guilty to the two charges delineated in the plea agreement. (Id. at 37.) Judge Bowen provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights. (Id. at 17-20.) Petitioner testified that no one had made him any promises other than those contained in the plea agreement to get him to plead guilty, and that his decision to plead guilty was not the result of force, pressure, threats or promises. (Id. at 21, 25.) Petitioner also testified that he had reviewed his case with Mr. Garner and was satisfied with the help he had received from Mr. Garner. (Id. at 9). Thus, Judge Bowen's thorough plea colloquy ensured that Petitioner understood both the nature of the charges and the consequences of his guilty plea, and that Petitioner was not coerced into pleading guilty. See Moriarty, 429 F.3d at 1019. Petitioner has not argued, let alone shown a reasonable probability that but for any alleged error at the Rule 11 proceeding he would not have entered his guilty pleas. See Dominguez Benitez, 542 U.S. at 83.

As such, Petitioner will not now be heard to claim that his guilty pleas were not knowingly and voluntarily entered. Such assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding. See U.S. v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely").

### D. Petitioner's Valid Collateral Attack Waiver Bars Grounds One and Two.

Grounds One and Two are precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence. It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1345; see also Vaca-Ortiz, 320 F. Supp. 2d at 1365-67 (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings).

"To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has demonstrated the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack his sentence and conviction or the knowing and voluntary nature of his guilty plea. (See CR 312-004, doc. no. 186, p. 4 ("the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground. . . .").) Furthermore, Judge Bowen reviewed Petitioner's plea agreement during the plea colloquy, and specifically referenced the waiver provision. (Id. doc. no. 286, p. 22.) ("[Petitioner has] waived any right to appeal and certainly any right to attack the conviction by way of habeas corpus or otherwise."). Petitioner acknowledged that he understood and agreed to the terms of the plea agreement. (Id. at 24.)

The collateral attack waiver provided for two limited exceptions: Petitioner could file a direct appeal of his sentence if (1) it exceeded the statutory maximum, or (2) if the sentence, by variance or upward departure, was higher than the advisory sentencing guideline range as found by the sentencing court. (Id., doc. no. 186, p. 5.) Neither of Petitioner's claims in Ground One nor Ground Two fall within the exceptions to the collateral attack waiver. In Ground One, Petitioner claims that his attorney was ineffective for "failing to press the issue of unlicensed dealing in firearms." (Doc. no. 1, p. 4.) This claim does not allege that his sentence exceeded the statutory maximum or that it was higher than the advisory sentencing guideline range, and is thus barred by the collateral attack waiver. See Williams v. U.S., 396 F.3d 1340, 1341-42 (11th Cir. 2005) (precluding claim for ineffective assistance of counsel at sentencing based on valid sentence-appeal waiver).

In Ground Two, Petitioner claims counsel was ineffective for failing to argue that his sentence exceeded the statutory maximum. (Doc. no. 1, p. 5.) Petitioner's Ground Two claim does not survive the collateral attack waiver because it plainly lacks merit. Petitioner faced a statutory maximum of twenty-five years: five years for unlicensed dealing in firearms, and twenty years for distribution of cocaine. 18 U.S.C. §§371, 922(a)(1)(A); 21 U.S.C. § 841(a)(1)(A), (b)(1). However, Petitioner's sentence was far less than the maximum, as he was sentenced to imprisonment for three years on the firearm offense, and eight years on the cocaine offense, to be served concurrently. (CR 312-004, doc. no. 247.) Accordingly, Ground Two is meritless and does not survive the waiver.

Thus, the collateral attack waiver bars Petitioner's claims in Grounds One and Two because they do not fall within the narrow exceptions to the waiver. See Brown v. U.S., 256 F. App'x 258, 262 (11th Cir. 2007) (*per curiam*) (refusing to consider merits of sentencing argument in § 2255 proceeding based on valid sentence-appeal waiver provision in plea agreement); U.S. v. Martin, 549 F. App'x 888, 889-90 (11th Cir. 2013) (*per curiam*) (refusing to consider claims of PSI errors based on knowing and voluntary sentence appeal waiver). Because Petitioner's claims in Grounds One and Two do not call into question the validity of his guilty plea or the collateral attack waiver, they are barred by the waiver. See Williams, 396 F.3d at 1342. Accordingly, the Court finds that Petitioner is not entitled to relief on any argument set forth in his § 2255 motion.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 15th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA